UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL ROY WYCKSTANDT,

    Plaintiff,

v.

TODD O. POPE, STEVEN D. JARVIS,
DONALD A. TEEPLE, JAMES A. MARCUS,
and TOWNSHIP OF GOODLAND,

    Defendants.
_____/

Case No. 04-CV-74456-DT

HONORABLE DENISE PAGE HOOD

**MEMORANDUM OPINION AND ORDER**

**I.    BACKGROUND/FACTS**

On October 20, 2004, Plaintiff Michael Roy Wyckstandt ("Wyckstandt"), proceeding *pro se,* filed the instant suit against Defendants Todd O. Pope, Steven D. Jarvis, Donald A. Teeple, James A. Marcus, and the Township of Goodland. Wyckstandt claims that he had removed three cases from the District and Circuit Courts of Lapper County on January 23, 2004 in a case before this Court, Case No. 04-70239. Wyckstandt asserts that after the removal, Defendants continued to proceed with the cases, in violation of the removal. Wyckstandt's Complaint in the instant case seeks: Declaratory Judgment and Federal Question (First Cause of Action); Injunction (Second Cause of Action); and, 42 U.S.C. § 1983 (Third Cause of Action).

The three cases before the State Courts, in Case No. 04-70239, involved three civil infractions issued against Wyckstandt which were brought before the 71-A Judicial District Court, State of Michigan. The three cases numbers issued by the State District Court are: Case Nos. 02-1287, 02-2137 and 03-1687. Judgments were entered against Wyckstandt in State District Court

Case No. 02-1287 on August 28, 2002 (stayed on January 5, 2004 pending appeal) and in State District Court Case No. 02-2137 on August 28, 2002 (stayed on January 5, 2004 pending appeal). (Exhibits to Complaint in 04-70239) Wyckstandt filed an appeal from the two judgments in State District Court Case Nos. 02-1287 and 02-2137 to the Lapeer County Circuit Court. The matter was originally assigned to the Honorable Nick Holowka, Circuit Judge, who recused himself and the matter was thereafter assigned to a visiting judge from the Lapeer County Circuit Court, Defendant Teeple. Defendant Teeple dismissed the appeal on August 9, 2004 as abandoned. (Ex. D, Plaintiffs' Br.)

No judgment has been entered in State District Court Case No. 03-1687. However, prior to Wyckstandt filing the Complaint in Case No. 04-70239, a fine and costs were assessed in State District Court Case No. 03-1687 against Wyckstandt on April 19, 2002, in the total amount of $105.00 and sanctions were entered against Wyckstandt in the amount of $250.00 on September 10, 2003. (*Id.*) Wyckstandt filed an Interlocutory Claim of Appeal in State District Court Case No. 03-1687 before the Circuit Court of the County of Lapper from the District Court's order sanctioning Wyckstandt, which was dismissed by the Lapeer County Circuit Court on October 27, 2003 as not ripe for appeal. Defendant Marcus, a visiting judge with the 71-A District Court, was thereafter assigned to Wyckstandt's third citation case, State District Court Case No. 03-1687. Defendant Marcus had set a pretrial conference, ordered discovery and set a trial date for February 16, 2005. (Ex. D, Plaintiff's Br.)

Wyckstandt filed Case No. 04-70239 with this Court on January 23, 2004 and the instant case (Case No. 04-74456) on October 20, 2004. Wyckstandt claims in this case that he had removed the three cases from the State District and Circuit Courts in Case No. 04-70239. Wyckstandt alleges in this case that Defendants violated the removal statute by proceeding with further actions in the

District and Circuit Courts after Plaintiff removed the matters on January 23, 2004.

Defendants Pope and Jarvis, the attorneys for Goodland Township, along with the visiting judges, Defendants Teeple and Marcus, filed Motions for Summary Judgment claiming that there was no removal of the three State Court actions. These Defendants also filed Motions for Sanctions claiming Wyckstandt improperly filed the instant action against them and, in violation of Rule 11 of the Civil Rules of Procedure. Wyckstandt filed a response to the summary judgment motions, along with a counter-Motion for Summary Judgment. Responses were filed to Plaintiff's counter-Motion for Summary Judgment. The Court held a hearing on the motions.

## II.     ANALYSIS

### A.     Standard of Review

Fed. R. Civ. P. 56(c) provides that summary judgment be entered only where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A dispute about a material fact is "genuine" only if the "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* Although the court must view the motion in the light most favorable to the nonmoving party, where "the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24, 106 S.Ct. 2548, 91 L.Ed. 265 (1986). Summary judgment must be entered against a party who fails to make a showing sufficient to establish the existence of an essential element of that party's case, and on which that party will bear the burden of proof at trial. In such

a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. *Celotex Corp.*, 477 U.S. at 322-23.  A court must look to the substantive law to identify which facts are material.  *Anderson*, 477 U.S. at 248.

      **B.**      **Case No. 04-72039**

Defendants Pope, Jarvis, Teeple and Marcus claim they are entitled to summary judgment and to proceed with the matters before the State Courts because there was no removal of the three cases from the State Courts to this Court in Case No. 04-70239.  In response, Plaintiff claims he properly filed the removal with this Court and in the appropriate State Courts.

The Court notes that in Case No. 04-70239, no party has raised the issue of improper removal.  The Motion to Dismiss in that case filed by the Defendants involved the issue of Eleventh Amendment Immunity, which the Court denied and which is currently on appeal before the Sixth Circuit Court of Appeals.  In its February 24, 2005 Memorandum Opinion and Order in Case No. 04-70239, the Court noted that the Plaintiffs in that case (Wyckstandt, the sole plaintiff in this case and T.J. Henderson) filed a suit against the defendants in that case, noting that the "Verified Complaint" filed by the Plaintiffs had a notation that Plaintiffs were "Cross Plaintiffs" even though the Court found that Plaintiffs "actually filed this original action in this Court."  (Case No. 04-70239, 2/24/05 Memorandum Opinion and Order, p. 1) The Court further noted that, "[f]or the purposes of this case, Plaintiffs Wyckstandt and TJ Henderson are the Plaintiffs."  (*Id.*)  Plaintiffs did not seek reconsideration of the Court's finding and, the time to file a motion for reconsideration has passed.  (See E.D. Mich. LR 7.1(g)(a motion for reconsideration must be filed ten (10) days from the entry of an order)).

Based on this Court's finding in Case No. 04-70239, that action is an "original action" filed

4

in federal court and not a removal of the three cases from State Court. However, although the removal issue was not raised in Case No. 04-70239, it has now been raised in this case. The Court will address the removal issue in this Opinion.

The Court must liberally construe Wyckstandt's pleadings since he is proceeding *pro se*. Federal courts hold the *pro se* complaint to a "less stringent standard" than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519 (1972).

In Case No. 04-70239, Wyckstandt and Henderson marked the "Origin" portion on the Civil Cover Sheet as "Removed from State Court." (*See* Case No. 04-70239, Civil Cover Sheet) However, the Clerk's Office docketed the initial pleading filed by Wyckstandt and Henderson as a "Complaint." (*See* Case No. 04-70239, Docket Entry No. 1) The first page of the "Complaint" was stamped an "Original" by the Clerk's Office. (*See* Case No. 04-70239, Complaint) The caption of the "Complaint" has a notation of "State Case Number(s) 02-2137, 02-1287 and 03-1687." (*Id.*) The caption also indicates "Notice of Removal Under 28 U.S.C. § 1441 et. seq." (*Id.*) The caption further states, "Verified Complaint under the Constitution for the United States of America, Petition for Declaratory Judgment under 28 U.S.C. § 2201 and For Preliminary Injunction." (*Id.*) The body of the "Complaint" is set forth in paragraph numbers, indicating the "Parties," "Venue," "Jurisdiction," "Grounds for Removal," and "Facts of the Case." (*Id.*) Other than the "Grounds for Removal" portion, the body of the "Complaint" is in the form of a complaint and generally follows Rule 8 of the Civil Rules of Procedure.

When a complaint is removed from State Court, a defendant files a "Notice of Removal" and attaches the complaint filed with the State Court, along with "a copy of all process, pleadings, and orders served upon such defendant" in the State Court action. 28 U.S.C. § 1446(a). The general practice in this Court is that a defendant who seeks to remove a case from State Court files a

document entitled a "Notice of Removal" with the Clerk's Office and attaches the complaint filed in the State Court as an exhibit to the Notice of Removal.

In Case No. 04-70329, Wyckstandt and Henderson did not file a separate document entitled a "Notice of Removal." Instead, Wyckstandt and Henderson filed one document which they labeled as both a "Notice of Removal" and a "Verified Complaint." Because the form of the document was in the form of a complaint, the Clerk's Office and this Court considered the document as an original complaint filed in this Court, and not a removal notice under 28 U.S.C. § 1446. Because the Court has noted in its February 24, 2005 Memorandum Opinion and Order that the document Plaintiffs filed was an original cause of action and a Verified Complaint, Case No. 04-70329 is not a removal. As noted above, no party, including Plaintiffs, sought reconsideration of the Court's Opinion, therefore, the parties are bound by the Court's finding.

  **C.**  **Removable**

Even if Plaintiffs properly filed a Notice of Removal regarding the three State Court cases in Case No. 04-70329, for the reasons set forth below, the cases were not removable.

Wyckstandt in this case claims the cases were properly removed because he and his co-plaintiff raised federal constitutional law as a defense. The issue before this Court is whether a federal law defense is a basis for removal from state court based on the federal court's federal question jurisdiction.

The district court generally has original jurisdiction in three situations: (1) when the case involves a federal question, 28 U.S.C. § 1331; (2) when there is diversity of citizenship between the parties, plus any amount in controversy is over $75,000, 28 U.S.C. § 1332; and (3) when the United States is a party, 28 U.S.C. §§ 1345, 1346. 28 U.S.C. § 1441(a) provides for removal of actions filed in state court to a district court if the district court has original jurisdiction over the cause of

action. If the existence of subject matter jurisdiction generally is at issue, it is a question of law for the court to decide. *Greater Detroit Resource Author. v. United States*, 916 F.2d 317, 319 (6th Cir. 1990). When jurisdiction is disputed, the removing party has the burden of proving that the federal district court has jurisdiction. *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940,949 (6th Cir. 1994). This burden is a difficult one to overcome; removal statutes are "strictly construed," and any ambiguities "must be resolved in favor of the non-removing party." *Id.* "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss or remand the action, either by a party's motion or the court's own motion." Fed. R. Civ. P. 12(h)(3); *Liberty Mut. Ins. Co. v. Wetzel*, 424 U.S. 737 (1976).

The inquiry into whether a party may remove to state court is "guided by the well-pleaded complaint rule, which states that 'federal jurisdiction exists only when a federal question is presented on the plaintiff's properly pleaded complaint.'" *Strong v. Telectronics Pacing Sys., Inc.* 78 F.3d 256, 259 (6th Cir. 1996), citing *Caterpillar v. Williams*, 482 U.S. 386, 392 (1987). "As a general rule, removability is determined by the pleadings filed by the plaintiff." *Union Planters Nat'l Bank v. CBS, Inc.*, 557 F.2d 84, 89 (6th Cir. 1977) (emphasis added); *see also Her Majesty the Queen in Right of the Province of Ontario v. City of Detroit,* 874 F.2d 332, 334 (6th Cir.1989) ("[R]emoval can only be based on a theory advanced by the plaintiff.") The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law. *Caterpillar,* 482 U.S. at 392; *see also Phillips Petroleum Co. v. Texaco, Inc.*, 415 U.S. 125, 127-28 (1974) (stating to secure federal subject matter jurisdiction, the federal question "must be disclosed upon the face of the complaint, unaided by the answer."). A federal defense does not create federal question jurisdiction. *Kerr-McGee Chemical Corp.,* 459 U.S. at 1049. "'[T]he question whether a party claims a right under the constitution or laws of the United States is to be ascertained by the

legal construction of its own allegations, and not by the effect attributed to those allegations by the adverse party.'" *State of Tennessee v. Union & Planters' Bank,* 152 U.S. 454, 460 (1894)(citations omitted).  "A defendant cannot create removal jurisdiction merely by raising a federal question as a defense."  *Her Majesty the Queen,* 874 F.2d at 344; *Detroit Police Lieutenants and Sergeants Ass'n v. City of Detroit*, 597 F.2d 566, 568 (6th Cir. 1979).

     The three "complaints" involved in Case No. 04-70239 are in the form of Civil Infraction Citations issued against Wyckstandt. (See Ex. C, Plaintiff's Br.)  In State Court Case No. 02-1287, Wyckstandt was charged with constructing an addition to an existing building without permits, in violatin of the State Of Michigan's Building Code. (*Id.*)  In State Court Case No. 02-2137 charged Wyckstandt with allowing/constructing an addition to an existing building without a permit in violation of the State of Michigan Building Code.  (*Id.*)  In State Court Case No. 03-1687, Wyckstandt was charged with allowing construction of a masonry chimney without a permit.  (*Id.*)  The three "Complaints" or Citations, do not cite any federal law on their face.  Wyckstandt claims in his "Notice of Removal" and/or "Verified Complaint" in Case No. 04-70239, in the "Grounds for Removal" portion of the document, that constitutional torts were committed against Wyckstandt, including due process violations, unlawful search, free speech violations, deprivation of Sixth Amendment mandates, excessive fines and violations under the Ninth Amendment.  (Complaint in Case No. 04-70239, ¶ 13)  Wyckstandt is asserting a federal question defense as a basis for the removal of the three cases in Case No. 04-70239.  Because Wyckstandt is the defendant in the three State Court cases, Wyckstandt cannot create removal jurisdiction by raising a federal defense based on the cases cited above.  The Court has no subject matter jurisdiction over the three State Court cases removed by Plaintiff.  The three cases were improperly removed from the State Court.  However, as stated previously, the issue of an improper removal was not raised in Case No. 04-

70239. The initial document submitted by Plaintiffs was construed as a Verified Complaint. The Court will issue an Order in Case No. 04-70239 remanding the issues involved in State District Court Cases Nos. 02-1287, 02-2137, and 03-1687.

The federal claims set forth in the "Verified Complaint" in Case No. 04-70239 remain. The Court has already determined that the claims in the Verified Complaint were filed based on the Court's original subject matter jurisdiction. Based on the face of the Verified Complaint, the Court has federal question jurisdiction over the federal claims raised in the Verified Complaint. As noted previously, Defendants in Case No. 04-70239 have only moved for dismissal based on Eleventh Amendment Immunity, which the Court denied and is currently on appeal.

Based on the above, the Court finds that Defendants' argument in this case that there was no removal in Case No. 04-70239 cannot sustain a summary judgment motion, since the instant action was filed in October 2004, prior to the Court's February 24, 2005 Opinion construing the Verified Complaint as an original action and not a removal. It is noted that although the defendants in Case No. 04-70239 never raised the issue of improper removal in that case, the 71-A District Court and the Lapeer County Circuit Court Defendants set forth in their affirmative defenses the improper removal of the cases. (*See* Case No. 04-70239, Answer and Affirmative Defenses, p. 23) Defendants in Case No. 04-70239 were on notice that Wyckstandt had attempted to remove his State Court cases. Defendants' Motions for Summary Judgment in this case must be denied based on their argument that there was no removal of the three cases in Case No. 04-70239, but granted for the reasons set forth below.

### C. Wyckstandt's Counter-Motion for Summary Judgment

Wyckstandt's Counter-Motion for Summary Judgment in this case must also be denied since the Court finds that the three cases removed in Case No. 04-70239 were improperly removed.

9

Additionally, Wyckstandt has not shown that Defendants have violated the removal statute in any subsequent actions they have taken since his removal of the three State Court cases.

The Sixth Circuit has noted that, generally, the federal removal statute, 28 U.S.C. § 1446(d), provides in pertinent part that once a case is removed, "the State court shall proceed no further unless and until the case is remanded." 28 U.S.C. § 1446(d); *Lawrence v. Chancery Court of Tennessee*, 188 F.3d 687, 692 (6th Cir. 1999). The Sixth Circuit further noted that even though there is a dearth of authority interpreting what "proceed no further" means under the statute, the Sixth Circuit believed that Congress did not intend the state courts in removed cases to forever be paralyzed from taking ministerial steps that do not affect the adjudication of the parties' dispute. *Id.* at 692-93.

At the time of removal of State District Court Case Nos. 02-1287 and 02-2137, a judgment in each case had already been entered on August 28, 2002 (which were stayed on January 5, 2004, pending appeal) and Wyckstandt had filed an appeal to the State Circuit Court in those cases. In other words, the two cases were over, with regards to the trial phase of the cases. Nothing in the removal statute allows for removal of cases where the State Court has already entered a judgment. The intent of the removal statute, 28 U.S.C. § 1446, is to allow a removing defendant to proceed in federal court shortly after a complaint is filed in State Court. Section 1446(b) provides that a removal must be filed within thirty days from a defendant's receipt of the complaint. The citation in State District Court Case No. 02-1287 was issued on March 21, 2002 and in State District Court Case No. 02-2137, on April 19, 2002. Wyckstandt filed his removal in Case No. 04-70239 on January 23, 2004, well after thirty days from the date the citations were issued against him. In addition, the cases were removed after the State District Court had entered judgments against him on August 28, 2002, and, after Wyckstandt had filed an appeal from those two judgments. At the

time of the removal, Wyckstandt had already submitted to both the State District Court's and the Circuit Court's jurisdictions by proceeding to judgments in those cases before the District Court and by filing an appeal of those judgments to the Circuit Court.

As to the dismissal of the appeals by the Circuit Court after Case No. 04-70239 was proceeding, Wyckstandt has failed to state a procedural due process claim against the judge handling the appeal—Defendant Teeple. Nothing in the removal statute allows for removal of cases where a judgment has been entered and the removing party–Wyckstandt–had filed an appeal of the judgments. Because Wyckstandt cannot show that Defendant Teeple proceeded on the appeal of the cases in violation of the removal statute, Defendant Teeple is dismissed from this action.

Although the State District Court in Case No. 03-1687 scheduled various conferences and hearings, after the case was removed to this Court in Case No. 04-70239, Wyckstandt has not shown that the State District Court has taken any actions or entered any orders, which would affect the adjudication of the parties' dispute. Wyckstandt has not shown, at this time, whether he was denied due process because he received no notice of a hearing resulting in an order entered which affected the dispute. No judgment has been entered in the State District Court Case No. 03-1687. The Sixth Circuit has noted that any state court action after the filing of the removal notice is void. *Id.* at 691. Wyckstandt has not submitted any authority which allows an individual a cause of action or any relief from a violation of the removal statute. Wyckstandt has not shown that the State District Court has issued any orders which affected the merits of the case, other than issuing notices of hearings. Wyckstandt is unable to show any due process violations by the State District Court. In any event, because the State District Court Case No. 03-1687 was improperly removed and will be remanded in Case No. 04-70239, the State District Court will be able to proceed after remand is effected. The State District Court Judge Marcus is dismissed from this case.

Wyckstandt claims in his motion that the attorneys involved in the underlying cases before the State District Court, Defendants Pope and Jarvis, conspired to move forward the cases before the State District Court, in violation of the removal statute.  The removal statute, 28 U.S.C. § 1446(d), clearly directs  "the State Court" from proceeding any further until the matter is remanded back to the State court.  As Wyckstandt acknowledges, Defendants Pope and Jarvis are the attorneys involved in the State District Court cases and are not judges with the State District Court.  The removal statute does not direct attorneys not to proceed; only the State Courts.  Wyckstandt cannot show that Defendants Pope and Jarvis violated the removal statute.  Defendants Pope and Jarvis must be dismissed.

Wyckstandt's counter-Motion for Summary Judgment must be denied for the reasons set forth above.  Judgment must be entered against Wyckstandt and in favor of all Defendants. Wyckstandt has failed to state a claim of a violation of the removal statute based on a due process claim under 42 U.S.C. § 1983.

**D.     Motions for Sanctions**

Defendants' Motions for Sanctions under Rule 11 of the Rules of Civil Procedure are based on their argument that there was no removal of the cases before the District Court in Case Nos. 02-2137, 02-1287 and 03-1687.  Because the initial pleading filed by Wyckstandt in Case No. 04-70239 contained removal language and, the Defendants in Case No. 04-70239 raised the improper removal language in their affirmative defenses, Defendants'  Motions for Sanctions must be denied.

**III. CONCLUSION**

For the reasons set forth above,

IT IS ORDERED that Defendants Jarvis and Pope's Motion for Summary Judgment **(Docket No. 20, filed December 13, 2004)** is DENIED based on their arguments raised in their briefs but GRANTED for the reasons set forth above.

IT IS FURTHER ORDERED that Defendants Marcus and Teeple's Motion for Summary Judgment **(Docket No. 21, filed December 15, 2004)** is DENIED based on their arguments raised in their briefs but GRANTED for other reasons set forth above.

IT IS FURTHER ORDERED that Plaintiff's Motion for Summary Judgment **(Docket No. 23, filed January 3, 2005)** is DENIED, but DEFENDANTS are DISMISSED because Plaintiff has failed to state a claim against Defendants.

IT IS FURTHER ORDERED that Defendants Jarvis and Pope's Motion for Rule 11 Sanctions **(Docket no. 14, filed November 29, 2004)** is DENIED.

IT IS FURTHER ORDERED that Defendants Marcus and Teeple's Motion for Rule 11 Sanctions **(Docket No. 22, filed December 21, 2004)** is DENIED.

IT IS FURTHER ORDERED that all Defendants are DISMISSED from this action.

      /s/ DENISE PAGE HOOD
      DENISE PAGE HOOD
      United States District Judge

DATED: September 29, 2005

      s/Denise Page Hood
      Denise Page Hood
      United States District Judge

Dated: September 29, 2005

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 29, 2005, by electronic and/or ordinary mail.
      s/William F. Lewis
      Case Manager